IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMELIA WINTRHOW**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LAMB WESTON, INC.**, a foreign business corporation, **ELOY GERRARDO**, an individual, and **MICHAEL COOPER**, an individual,<br><br>Defendant. | Case No. 2:20-cv-00913-HL<br><br>**ORDER** |

Ashley A. Marton, Crispin Employment Lawyers, 1834 SW 58th Avenue, Suite 200, Portland, OR 97221; Craig A. Crispin, Crispin Employment Law PC, 1834 SW 58th Avenue, Suite 200, Portland, OR 97221; Rebecca Cambreleng, Crispin Marton Cambreleng, 1834 SW 58th Avenue, Suite 200, Portland, OR 97221. Attorneys for Plaintiff.

Dayna C. Carter and Bruno J. Jagelski, Yturri Rose, LLP, 89 SW Third Avenue, P.O. Box "S", Ontario, OR 97914. Attorneys for Defendants.

**IMMERGUT, District Judge.**

On June 5, 2020, Plaintiff Amelia Withrow filed a complaint alleging sex discrimination and unlawful employment practices against Defendants Lamb Weston, Inc., Eloy Gerrardo, and Michael Cooper. ECF 1. Defendants moved for summary judgment on all of Plaintiff's claims. ECF 21. On May 5, 2022, Magistrate Judge Andrew D. Hallman issued his Findings and

PAGE 1 – ORDER

Recommendation ("F&R"). ECF 45. The F&R recommends that this Court grant in part and deny in part Defendants' Motion for Summary Judgment. ECF 45 at 1–2. Plaintiff and Defendants filed both objections to the F&R as well as replies. ECF 48; ECF 49; ECF 50; ECF 51. In Defendants' Reply to Plaintiff's Objections, Defendants assert that the applicable statute and local rules do not provide for a reply to objections unless ordered by the court. ECF 51 at 2; *see* 28 U.S.C. § 636; L.R. 7-1(f)(3); L.R. 56-1(b). However, under Rule 72 of the Federal Rules of Civil Procedure, "[a] party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). Accordingly, this Court may consider the parties' reply briefs in reviewing Judge Hallman's F&R.

This Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Judge Hallman's F&R. This Court concludes that Judge Hallman erred in his analysis in two ways: (1) he recommended that Defendants' motion for summary judgment on Plaintiff's state law retaliation claim against Defendant Gerrardo based on Plaintiff's termination ("Claim Five") be denied, ECF 45 at 32, even though Plaintiff has failed to establish that Defendant Gerrardo took an adverse employment action against her; and (2) he concluded that written and verbal warnings do not constitute adverse employment actions for the purposes of Plaintiff's retaliation claims ("Claims Four and Five"), which is inconsistent with the prevailing legal standard for adverse employment actions in retaliation cases. ECF 45 at 13 n.1. Accordingly, Defendants' Motion for Summary Judgment as to Claim Five against Defendant Gerrardo, based on Plaintiff's termination, is GRANTED. Defendants' Motion for Summary Judgment regarding Claims Four and Five based on verbal and written warnings against Defendants Lamb Weston, Inc. and Gerrardo are REMANDED for further analysis under the correct adverse employment action standard. This Court ADOPTS the remainder of the F&R.

PAGE 2 – ORDER

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court "may also . . . recommit the matter to the magistrate judge with instructions." *Id*. If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

**PROCEDURAL HISTORY**

On June 5, 2020, Plaintiff Amelia Withrow filed a complaint alleging sex discrimination and unlawful employment practices against Defendants. ECF 1. Plaintiff asserted the following seven claims for relief: sex discrimination and harassment under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), against Defendant Lamb Weston, Inc. ("Claim One"), ECF 1 at ¶¶ 44–47; sex discrimination under the Oregon Equality Act, Or. Rev. Stat. § ("ORS") 659A.030(1)(a), against Defendant Lamb Weston, Inc. ("Claim Two"), *id*. at ¶¶ 48–51; hostile work environment under the Oregon Equality Act, ORS 659A.030, against all Defendants ("Claim Three"), *id*. at ¶¶ 52–60; retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-(3)(a), against Defendant Lamb Weston, Inc. ("Claim Four"), *id*. at ¶¶ 61–64; retaliation pursuant to the Oregon Equality Act, ORS 659A.030(1)(f)-(g), against all Defendants ("Claim Five"), *id*. at ¶¶ 65–67; defamation against Defendant Gerrardo ("Claim Six"), *id*. at ¶¶

PAGE 3 – ORDER

68–74; and intentional infliction of emotional distress against Defendant Gerrardo ("Claim Seven"), *id.* at ¶¶ 75–78.

On October 28, 2021, Defendants filed a Motion for Summary Judgment against all of Plaintiff's claims. ECF 21. Defendants moved for summary judgment on eight separate grounds. *Id.* In her response, Plaintiff withdrew Claims Six and Seven against Defendant Gerrardo. ECF 38 at 39. On February 25, 2022, a hearing on the summary judgment motion was held. ECF 44. On May 5, 2022, Magistrate Judge Hallman issued his F&R. ECF 45. Judge Hallman granted Defendant Lamb Weston's motion on Claim One, granted Defendant Lamb Weston's motion on Claim Two, denied Defendants' motion as to Defendant Gerrardo and granted the motion as to the remaining Defendants on Claim Three, denied Defendant Lamb Weston's motion on Claim Four, granted Defendants' motion as to Defendant Cooper and denied the motion as to the remaining Defendants on Claim Five, granted Defendant Gerrardo's motion on Claim Six, and granted Defendant Gerrardo's motion on Claim Seven.

On May 19, 2022, Plaintiff and Defendants filed objections to the F&R. ECF 49; ECF 48. On May 27, 2022, Plaintiff replied to Defendant's objections. ECF 50. On June 2, 2022, Defendant replied to Plaintiff's objections. ECF 51. As stated above, this Court may consider either party's reply in reviewing Judge Hallman's F&R. *See* Fed. R. Civ. P. 72(b)(2).

## DISCUSSION

As described below, this Court declines to adopt Judge Hallman's F&R with respect to Claim Five as to Defendant Gerrardo based on Plaintiff's termination. Moreover, this Court remands Claims Four and Five, which allege retaliation claims based on verbal and written warnings against Defendants Lamb Weston, Inc. and Gerrardo, for further analysis under the correct adverse employment action standard. This Court has carefully considered the remaining

PAGE 4 – ORDER

claims and concludes that they do not provide a basis to modify Judge Hallman's F&R. This Court adopts the remainder of the F&R.

**A. Claim Five based on Plaintiff's Termination against Defendant Gerrardo**

In her fifth claim for relief, Plaintiff asserts a state retaliation claim against Defendant Gerrardo under ORS 659A.030(1)(f)-(g). ECF 1 at ¶ 65–67. Defendant Gerrardo moved for summary judgment on this claim, maintaining that Plaintiff could not establish a prima facie case for retaliation. ECF 21 at 3. ORS § 659A.030(1)(f) makes it unlawful "[f]or any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice." ORS § 659A.030(1)(g) makes it unlawful "[f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so." "The substantive analysis for retaliation under Title VII and ORS § 659A.030 is substantially similar, and courts analyze the claims together." *Lindsey v. Clatskanie People's Utility Dist.*, 140 F. Supp. 3d 1077, 1086 (D. Or. 2015). To establish a prima facie case for retaliation under both state and federal law, a plaintiff must show the following: (1) the plaintiff is engaged in a protected activity; (2) the employer subjected the plaintiff to an adverse employment action; and (3) there is a causal link between the plaintiff's protected activity and the employer's actions. *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987); *Lindsey*, 140 F. Supp. 3d at 1086.

Finding that Plaintiff's termination constituted an adverse employment action, Judge Hallman recommended denying Defendants' motion on Claim Five as to Defendant Gerrardo. ECF 45 at 32. This Court disagrees. Actions qualify as adverse in retaliation claims if a reasonable employee would have found them "materially adverse, which in this context means [actions that] well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)

PAGE 5 – ORDER

(internal quotation marks omitted). Defendant Gerrardo was Plaintiff's subordinate. ECF 40 at ¶ 2. The decision to terminate Plaintiff was made by the Plant Manager, Michael Cooper. ECF 26 at ¶ 41. Plaintiff has failed to present evidence that Defendant Gerrardo played any role in the termination decision. Therefore, Plaintiff has failed to establish that Defendant Gerrardo took an adverse employment action against her related to her termination. Accordingly, this Court GRANTS Defendants' Motion for Summary Judgment on Claim Five as to Defendant Gerrardo with regard to Plaintiff's termination. However, as explained below in Section B, Defendants' Motion for Summary Judgment on Claim Five based on warnings as to Defendants Lamb Weston, Inc. and Gerrardo is remanded for further analysis.

**B. Claims Four and Five based on Warnings against Defendants Lamb Weston, Inc. and Gerrardo**

In addressing Plaintiff's sex discrimination claim, Judge Hallman concluded that written and verbal warnings do not constitute adverse employment actions, "absent any consequence that materially affects the terms and conditions of employment." ECF 45 at 13 n.1. Judge Hallman concluded that Plaintiff's termination constituted the sole adverse employment action in the case, thereby excluding written and verbal warnings from consideration under Plaintiff's *retaliation* claims as well. *See id.* However, the evaluation of adverse employment actions under retaliation claims differs from that under sex discrimination claims. *Burlington*, 548 U.S. at 67. In retaliation claims, actions qualify as adverse if a reasonable employee would have found them "materially adverse, which in this context means [actions that] well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (internal quotation marks omitted). In *Burlington*, the Supreme Court concluded that "the antiretaliation provision, unlike the [antidiscrimination] provision, is not limited to discriminatory actions that affect the terms and conditions of employment," *id.* at 64, and expressly rejected "standards . . .

PAGE 6 – ORDER

that have treated the antiretaliation provision as forbidding the same conduct prohibited by the antidiscrimination provision and that have limited actionable retaliation to so-called 'ultimate employment decisions,'" *id.* at 67.

Recently, the Ninth Circuit explicitly held that a district court erred in conflating the tests for adverse employment actions under the antidiscrimination and antiretaliation provisions in evaluating warnings. *Annenberg v. Clark Cnty. Sch. Dist.*, 818 F. App'x 674, 676–77 (9th Cir. 2020); *see also Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1021 (9th Cir. 2018) (citing *Burlington*, 548 U.S. at 67–68) ("[R]etaliation claims may be brought against a much broader range of employer conduct than substantive claims of discrimination."); *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000) (holding that "an action is cognizable as an adverse employment action [in retaliation claims] if it is reasonably likely to deter employees from engaging in protected activity"); *Grimmett v. Knife River Corp.-Nw.*, No. CV-10-241-HU, 2011 WL 841149, at *9–10 (D. Or. Mar. 8, 2011) (distinguishing between adverse employment standards under the antidiscrimination and antiretaliation provisions in evaluating a written warning). Judge Hallman cited district court precedent evaluating warnings under the "materially affects the terms and conditions of employment" test in error. ECF 45 at 13 n.1 (citing *Wilkins v. Brandman Univ.*, No. 3:17-cv-01099-BR, 2019 WL 3558172, at *13 (D. Or. Aug. 5, 2019); *Magee v. Trader Joe's Co.*, No. 3:18-CV-01956-AC, 2020 WL 9550008, at *12 (D. Or. Sept. 1, 2020), *report and recommendation adopted in part*, No. 3:18-CV-01956-AC, 2021 WL 1550336 (D. Or. Apr. 20, 2021)).[1]

---

[1] The *Wilkins* court properly cited the "materially affects the terms and conditions of employment" test in evaluating a *discrimination* claim, rather than in evaluating a retaliation claim. *Wilkins*, No. 3:17-cv-01099-BR, at *13. However, the *Magee* court cited the test in evaluating both discrimination and retaliation claims, thereby committing the same error as that in Judge's Hallman's analysis. *Magee*, No. 3:18-CV-01956-AC, at *13.

PAGE 7 – ORDER

Because Judge Hallman concluded that the verbal and written warnings Plaintiff received did not constitute adverse employment actions, ECF 45 at 13 n.1, Judge Hallman declined to reach the merits of Defendants' Motion for Summary Judgment on Claims Four and Five based on these warnings. This motion is REMANDED for further analysis of Claims Four and Five under the correct adverse employment action standard in accordance with this Court's order.

## CONCLUSION

This Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Judge Hallman's F&R. ECF 45. Defendants' Motion for Summary Judgment on Claim Five based on Plaintiff's termination as to Defendant Gerrardo is GRANTED. Defendants' Motion for Summary Judgment on Claims Four and Five based on warnings against Defendants Lamb Weston, Inc. and Gerrardo are REMANDED for further analysis under the correct adverse employment action standard. This Court ADOPTS the remainder of the F&R.

**IT IS SO ORDERED**.

DATED this 28th day of December, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge